UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRACE BURROWS, individually and as Personal Representative of the ESTATE OF WALTER BURROWS, and on behalf of the statutory beneficiaries thereto consisting of RANDY MORROW, DENISE FOY, CARROL DOBBINS, JENNIFER SIPES, and TINA RADOVICH,<br><br>                              Plaintiffs,<br><br>    vs.<br><br>3M COMPANY, a foreign corporation,<br><br>                              Defendant. | NO. 2:19-cv-01649-RSL<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS** |

To facilitate the orderly exchange of discovery materials in the above captioned matter ("the Lawsuit") and to avoid dissemination of confidential information, documents, or materials without appropriate safeguards, it is hereby agreed by and between the parties, and Ordered by the Court, that the following provisions concerning the confidential treatment of documents, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition testimony, and other responses to discovery requests, shall apply in the above-captioned matter.

/ / /

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS –
Page 1

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone: (503) 382-3852
Facsimile: (503) 616-3600

1. Documents produced by either the Plaintiffs or Defendant (individually referred to as a "Party" or collectively as the "Parties") to this litigation which contain confidential information shall hereafter be referred to as "Protected Documents." The Parties agree that material may be designated "CONFIDENTIAL" only if such material contains information, deemed by the producing Party to contain non-public confidential information of a competitively or commercially sensitive, proprietary, or trade-secret nature, which may include, ~~but is not limited to~~: design drawings, manufacturing specifications, testing information, sales and distribution agreements, financial and pricing data, banking information, personnel records, and personal information and/or medical information. Any document or any information designated as "CONFIDENTIAL" shall only be used, shown, disseminated, or disclosed as provided in this Protective Order. Any summary, compilation, notes, memoranda, analysis, electronic image, or database containing Protected Information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, compilation, notes, memoranda, analysis, electronic image, or database is derived.

2. As used in this Protective Order, the term "documents" means all materials as defined in the broadest sense by the Federal Rules of Civil Procedure.

3. Prior to designating any material as "CONFIDENTIAL," a Party and their counsel are required to review the material and designate only that information it believes in good faith is confidential or otherwise entitled to protection. Information designated as "CONFIDENTIAL" shall be entitled to the protections afforded by this Protective Order unless the designation is objected to in writing by another Party. The objecting party shall set up a telephonic conference to take place within ten (10) business days of the written objection. In the event the Parties cannot resolve the objection by mutual agreement, the objecting Party may seek court intervention to resolve the dispute by filing a motion no later than ten (10) business days after the above referenced conference. Any document marked as "CONFIDENTIAL" will

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS –
Page 2

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone: (503) 382-3852
Facsimile: (503) 616-3600

continue to be treated as such pending determination by the Court as to its confidential status. ~~Any party seeking court intervention may not attach the subject document to motions filed with the court. It is agreed the subject documents will be provided to the Court for an *in camera* inspection pursuant to terms as decided by the Court.~~ <u>Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.</u>  The burden of persuasion in any such motion shall be on the designating party.

    4.    The designation of Protected Documents may be made by marking or placing the notice "CONFIDENTIAL" or substantially similar notice, on the document.

Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.    Protected Documents and any copies thereof received by a "Qualified Person" as set forth in paragraph 6, below, shall be used solely in the prosecution or defense of this action, subject to the limitations set forth herein.

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS –
Page 3

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone: (503) 382-3852
Facsimile: (503) 616-3600

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    (a) Counsel for the Parties, their associated attorneys, and employees of counsel who are involved in the prosecution or defense of this action;

    (b) The Parties;

    (c) Experts and non-attorney consultants retained by the Parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of any Defendant;

    (d) The Court, the Court's staff, witnesses and the jury of this case;

    (e) Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (f) Deponents, witnesses, or potential witnesses;

    (g) Mediators and arbitrators;

    (h) Copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy of imaging service instructs the service not to disclose any confidential materials to third parties and to immediately return all originals and copies of any confidential materials;

    (i) The author or recipient of a documents containing the information or a custodian; and

    (j) Other persons by written agreement of the Parties.

7. It is the responsibility of the counsel receiving the "confidential material" to notify all other persons authorized to receive the "confidential material" under this order, that the information is confidential and may only be used for purposes of this litigation. Experts and

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS –
Page 4

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 382-3852
Facsimile: (503) 616-3600

non-attorney consultants, however, shall be provided with a copy of this Protective Order and execute a "Written Assurance" in the form contained in Exhibit A, attached hereto.

///

8. No party shall, for any purpose, disclose or make use of any "confidential material" obtained pursuant to pretrial discovery in this action except in accordance with this order.

9. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information. Objections as to confidentiality shall be preserved, and a party seeking the designation of a document or testimony as confidential shall do so in writing within 21 days of receipt of the proposed transcript. Should the parties fail to agree on a designation of confidentiality they shall seek a ruling from the Court. The court reporter shall separately transcribe and bind the testimonies so designated as confidential by agreement or ruling by the Court and shall mark the face of the bound transcript containing such confidential testimony with the word "Confidential."

10. Any stenographic reporter who records or transcribes testimony in this action shall agree that all "CONFIDENTIAL" information designated as such under this Protective Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Protective Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to Counsel of Record.

11. Nothing contained in this Protective Order shall prevent any Party from making disclosures beyond its terms if (a) the producing Party of confidential information or documents consents in writing to such disclosure, or (b) this Court, after notice to all affected parties, orders such disclosure.

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS –
Page 5

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 382-3852
Facsimile: (503) 616-3600

12. Any Party may utilize confidential information or documents produced in this matter as part of any motion, affidavit, brief, memorandum of law, or other document filed with the Court in this litigation provided that any such information or documents utilized shall be marked "CONFIDENTIAL" and the filing party follows the Court's procedures for filing such documents under seal.

13. The production or disclosure of confidential information or documents, whether done voluntarily, through discovery, or by order of the Court, does not constitute a waiver of any Party's right to object to the admission or use of such confidential information at a hearing or at the trial of this matter. Unless otherwise agreed to in writing by the Parties or ordered by the Court, all proceedings involving or relating to confidential information and documents shall be subject to the provisions of this Protective Order.

14. Inadvertent or unintentional disclosure of privileged documents or documents or information containing information which has been or should have been designated as "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a Party's claims of confidentiality or privilege. In the event that confidential documents are inadvertently or unintentionally disclosed by a party to another party, the disclosing party shall notify all parties in writing of the inadvertent disclosure, and the parties receiving such inadvertent disclosures shall return such documents to the disclosing party within 3 days of notice of the inadvertent disclosure. In the event that confidential documents are inadvertently or unintentionally disclosed by a party to a non-party, the disclosing party shall notify all parties in writing of the disclosure within 3 days of the disclosure and make all reasonable efforts to retrieve said documents, and such disclosure shall not be deemed intentional absent evidence to the contrary.

15. This Protective Order may not be waived, modified, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the Parties. If any provisions of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS –
Page 6

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone: (503) 382-3852
Facsimile: (503) 616-3600

shall not be affected thereby.

16. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the Parties and recipients of Protected Documents for enforcement of the provisions of this Order following termination of this litigation. No Qualified Person or other recipient of confidential information and documents shall copy, duplicate, or otherwise retain any confidential information or documents other than for use solely for purposes of this litigation. Within sixty (60) days from the date of entry of final judgment or order of dismissal in this litigation, each Qualified Person or recipient of any confidential information and documents shall destroy confidential documents and information and certify in an affidavit such destruction.

17. Any party may make objections or provide other responses permitted by the Federal Rules of Civil Procedure to any interrogatory, request for production, request for admission, question at a deposition, or other discovery request. No objections shall be made based upon confidentiality.

18. This Protective Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors or other persons or organizations over which they have control. The designated Protected Documents and Information shall only be used in this litigation.

19. All persons described in paragraph 6 above shall not under any circumstance sell or offer for sale either the Protected Documents or the confidential information contained therein. This paragraph does not prohibit disclosure of the fact that Protected Documents are possessed (as distinguished from disclosure of the substance of such documents) to potential

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS –
Page 7

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone: (503) 382-3852
Facsimile: (503) 616-3600

Qualified Persons so long as the provisions of this Protective Order are complied with in full prior to disclosure of the actual Protected Documents or confidential information.

/ / /

/ / /

20. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

### **ORDER**

Pursuant to the agreement and stipulation of the Parties (see Dkt. #22-1), the terms as set forth above are hereby approved and it is so ORDERED.

Dated this 27th day of April, 2020.

*[signature]*

Robert S. Lasnik
United States District Judge

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS –
Page 8

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone: (503) 382-3852
Facsimile: (503) 616-3600

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRACE BURROWS, individually and as Personal Representative of the ESTATE OF WALTER BURROWS, and on behalf of the statutory beneficiaries thereto consisting of RANDY MORROW, DENISE FOY, CARROL DOBBINS, JENNIFER SIPES, and TINA RADOVICH,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>3M COMPANY, a foreign corporation,<br><br>                    Defendant. | NO. 2:19-cv-01649-RSL<br><br>**WRITTEN ASSURANCE** |

Affidavit of _____, being duly sworn and personally appearing before the undersigned notary public, duly authorized by law to administer oaths, deposes and states that the within statements are true and correct.

1. I have read the Protective Order attached hereto and I understand its terms and meanings.
2. I agree that my signature below submits me to the jurisdiction of the United States District Court for the Western District of Washington at Seattle where the case styled *Grace Burrows et al. v. 3M Company*, Case No. 2:19-cv-01649-RSL, is

EXHIBIT A – WRITTEN ASSURANCE – Page 1

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone: (503) 382-3852
Facsimile: (503) 616-3600

pending, and binds me to the provisions of the Protective Order, including to all promises undertaken in the Order, as if originally agreed to by me.

3. I agree that within sixty (60) days from the date of entry of final judgment or order of dismissal in this litigation, I will return to counsel for the producing party any and all copies of confidential information and documents, or destroy confidential documents and information. In the event I agree to destroy confidential information and documents, I will provide all Parties with an affidavit confirming the destruction.

FURTHER SAYETH AFFIANT NOT.

_____, Signature

_____, Please print name

Subscribed and sworn to before me by _____ this \_\_\_\_\_ day of _____, 20\_\_\_\_.

_____
Notary Public
My Commission Expires: _____

EXHIBIT A – WRITTEN ASSURANCE – Page 2

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone: (503) 382-3852
Facsimile: (503) 616-3600