UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRACE BURROWS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> 3M COMPANY, <br><br> Defendant. | Case No. C19-1649RSL <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on defendant's "Motion for Protective Order to Prevent Discovery by Adult Children Beneficiaries." Dkt. #25. The Court, having reviewed the motion and the record contained herein, finds as follows:

On May 22, 2018, construction worker Walter Burrows was working on the Sound Transit Light Rail System in King County, Washington, when he lost his balance and fell to his death. Dkt. #13 (Am. Compl.) at ¶¶ 7-13. Mr. Burrows was using a 3M Lifeline at the time of his fall. Id. at ¶ 11. On September 13, 2019, his wife Grace Burrows initiated a wrongful death action in King County Superior Court. Dkt. #1-1. Ms. Burrows filed the lawsuit on her own behalf and in her capacity as Personal Representative of the Estate on behalf of the statutory beneficiaries, which include Mr. Burrows' adult children Carrol Dobbins, Jennifer Sipes, and

ORDER GRANTING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER - 1

Tina Radovich, and adult stepchildren Randy Morrow and Denise Foy.[1]  Am. Compl. at ¶¶ 1, 3. Defendant removed this matter to federal court based on diversity jurisdiction.  28 U.S.C. § 1332(a); Dkt. #1.  On December 9, 2019, plaintiffs filed an amended complaint.  Am. Compl. Plaintiffs assert claims for products liability, breach of warranty, and breach of implied warranty of merchantability.  Id. at ¶¶ 23-45.

On June 12, 2020, defendant filed a "Motion for Protective Order to Prevent Discovery by Adult Children Beneficiaries."  Dkt. #25.  Defense counsel asserts that on May 14, 2020, counsel for the Adult Children Beneficiaries expressed her intent to propound discovery and ask questions during depositions in this case.  See Dkt. #26 (Alcazar Decl.) at ¶ 2.  Defendant opposes discovery by the Adult Children Beneficiaries on the ground that Ms. Burrows, as personal representative, is the only party authorized to pursue the claims plaintiffs assert.  Dkt. #25 at 4.  Defendant therefore moves for a protective order prohibiting counsel for the Adult Children Beneficiaries from "propound[ing] duplicative discovery and participat[ing] separately in depositions in this case."  Id.

Federal Rule of Civil Procedure ("Rule") 26 governs the permissible scope of discovery in federal civil litigation.  Rule 26(b) sets forth the threshold requirement that information sought to be discovered must appear "relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b).  Rule 26(c) provides the Court with authority to issue, for good cause, a protective order to prevent "annoyance, embarrassment, oppression, or undue burden or expense" in connection with documents sought in discovery.  Fed. R. Civ. P. 26(c).  This includes "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]"  Id.  "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).  To establish good cause under Rule 26(c), the

---

[1] Plaintiffs are represented in this action by separate counsel.  Ms. Dobbins, Ms. Sipes, and Ms. Radovich (collectively, the "Adult Children Beneficiaries") are represented by Debora Dunlap.  Ms. Burrows, and the stepchildren of Mr. Burrows (Mr. Morrow and Ms. Foy) are represented by James Macpherson, Joseph Kopta, and Timothy Acker.

ORDER GRANTING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER - 2

movant must establish "'that specific prejudice or harm will result' if the protective order is not granted." In re Roman Catholic Archbishop of Portland in Or., 661 F.3d 417, 424 (9th Cir. 2011) (quoting Foltz v. State Farm Mut. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)).

Washington's wrongful death statute provides that "[w]hen the death of a person is caused by the wrongful act . . . of another person, his or her personal representative may maintain an action against the person causing the death for the economic and noneconomic damages sustained by the beneficiaries listed in RCW 4.20.020[.]" RCW 4.20.010(1). The Washington Supreme Court has made clear that wrongful death actions "must be brought by the personal representative of decedent's estate and *cannot* be maintained by the decedent's children or other survivors." Beal for Martinez v. City of Seattle, 134 Wn.2d 769, 776 (1998) (emphasis added); see also Atchison v. Great W. Malting Co., 161 Wn.2d 372, 376 (2007) ("In Washington, wrongful death actions are strictly creatures of statute . . . [and] Washington courts have consistently read this statute to mean that *only* a personal representative may bring an action for wrongful death."). "The personal representative, not the minor [or statutory beneficiaries], possesses the claim." Huntington v. Samaritan Hosp., 35 Wn. App. 357, 360-61 (1983) (citing Wood v. Dunlop, 83 Wn.2d 719, 723 (1974)).

The Adult Children Beneficiaries' arguments to the contrary are generally not well taken. See Dkt. #28. Counsel for the Adult Children Beneficiaries expresses concern that her clients' interests may diverge from those of Ms. Burrows and her adult children. Dkt. #29 (Dunlap Decl.) at ¶ 7. However, it is well established that the personal representative must bring the claim on behalf of, and represent the interests of the statutory beneficiaries. Indeed, the personal representative serves as a fiduciary to the beneficiaries of the wrongful death action. Cf. In re Estate of Larson, 103 Wn.2d 517, 521 (1986) ("The personal representative stands in a fiduciary relationship to those beneficially interested in the estate.").

Defendant has established that the statutory beneficiaries do not possess independent claims in this wrongful death action. Accordingly, it is improper for counsel for the Adult Children Beneficiaries to propound independent discovery. Defendant has shown that specific harm and/or prejudice will result if it is required to defend against unnecessary, duplicative

ORDER GRANTING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER - 3

discovery by counsel for the Adult Children Beneficiaries, and the Court finds defendant has met its burden to establish "good cause" warranting a protective order under Rule 26(c).  Fed. R. Civ. P. 26(c); <u>Foltz</u>, 331 F.3d at 1130.

For all the foregoing reasons, defendant's "Motion for Protective Order" (Dkt. #25) is GRANTED.  IT IS HEREBY ORDERED that only one attorney from plaintiffs' side may ask questions at depositions and/or propound discovery.

DATED this 29th day of October, 2020.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER - 4