UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRACE BURROWS, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>3M COMPANY,<br><br>        Defendant. | Case No. C19-1649-RSL<br><br>DISCOVERY ORDER |

This matter comes before the Court on two intertwined motions: (i) defendant's "Motion to Quash or, in the Alternative, for Protective Order" (Dkt. # 46) and (ii) plaintiffs' "Motion to Compel Discovery" (Dkt. # 48). Having reviewed the submissions of the parties and the remainder of the record, the Court finds as follows:

This matter arises from a fatal construction accident. Walter Burrows was employed by Kiewit-Hoffman East Link Constructors as a foreman on the E360 project in King County, Washington. While working atop a "pier cap" column approximately 35 feet off the ground, Mr. Burrows lost his balance and fell over the edge. Mr. Burrows was wearing a 3M Nano-Lok Self-Retracting Lifeline ("Nano-Lok"), but the Nano-Lok severed after contacting the pier cap's concrete edge, causing Mr. Burrows to fall to the ground. Mr. Burrows died due to his injuries from the fall.

Plaintiffs bring failure-to-warn claims under Washington law, alleging that the warnings did not cover the type of edge that severed the Nano-Lok when Mr. Burrows fell. The parties

DISCOVERY ORDER - 1

dispute the propriety of discovery related to the Nano-Lok's design. Defendant argues that design discovery is irrelevant to failure-to-warn claims.

The Washington Product Liability Act, RCW 7.72, *et seq*., provides in relevant part:

> (1) A product manufacturer is subject to liability to a claimant if the claimant's harm was proximately caused by the negligence of the manufacturer in that the product was . . . not reasonably safe because adequate warnings or instructions were not provided.
> 
> . . .
> 
> (b) A product is not reasonably safe because adequate warnings or instructions were not provided with the product, if, at the time of manufacture, the likelihood that the product would cause the claimant's harm or similar harms, and the seriousness of those harms, rendered the warnings or instructions of the manufacturer inadequate and the manufacturer could have provided the warnings or instructions which the claimant alleges would have been adequate.
> 
> (c) A product is not reasonably safe because adequate warnings or instructions were not provided after the product was manufactured where a manufacturer learned or where a reasonably prudent manufacturer should have learned about a danger connected with the product after it was manufactured. In such a case, the manufacturer is under a duty to act with regard to issuing warnings or instructions concerning the danger in the manner that a reasonably prudent manufacturer would act in the same or similar circumstances. This duty is satisfied if the manufacturer exercises reasonable care to inform product users.

RCW §§ 7.72.030(1)(b)-(c). In a failure-to-warn claim, "the trier of fact must balance the likelihood that the product would cause the harm complained of, and the seriousness of that harm, against the burden on the manufacturer of providing an adequate warning." Ayers v. Johnson & Johnson Baby Prod. Co., 117 Wn.2d 747, 765 (1991). This balancing cannot be achieved without considering the nature of the product, as the trier of fact must consider the likelihood that that the product would cause the harm complained of. The Court therefore concludes that plaintiffs are entitled to design discovery in pursuit of their failure-to-warn

DISCOVERY ORDER - 2

claims. The Court considers in turn if plaintiffs are entitled to the specific discovery that they seek.[1]

**I.     Depositions**

Defendant moves the Court to bar plaintiffs from deposing Matthew Blackford, Michael Milbright, David Kamosh, Tyler Ellingson, and Eric Dupont, either by quashing the subpoenas or through a protective order.[2] Defendant argues that plaintiffs should not be permitted to depose these individuals because (i) the proposed deponents are all either non-managing agent employees or non-employees of defendant, and thus subject to Federal Rule of Civil Procedure 45's subpoena requirements rather than Federal Rule of Civil Procedure 30(b)'s deposition by notice provisions, and plaintiffs did not properly subpoena them, and (ii) plaintiffs seek to depose them to investigate the design of the Nano-Lok device, and this is irrelevant to failure-to-warn claims.

A party or its officer, director, or managing agent may be compelled to give deposition testimony via a notice of deposition. See Fed. R. Civ. P. 30(b), 37(d)(1)(A)(i); see also Odsather v. Fay Servicing, LLC, No. C18-0289-JCC, 2019 WL 11005500, at *1 (W.D. Wash. Jan. 10, 2019). Any other proposed deponent must be served with a subpoena. See Fed. R. Civ. P. 45. The party seeking discovery has the burden of proving that a proposed deponent is a party officer, director, or managing agent. See Odsather, 2019 WL 11005500, at *1 (citing Calderon v. Experian Info. Sols., Inc., 290 F.R.D. 508, 516 (D. Idaho 2013)).

Defendant asserts that (i) Kamosh and Ellingson are not defendant employees, but rather former employees or contract workers of a company that defendant later acquired, and

---

[1] Defendant cites repeatedly to Campbell for the proposition that product design is irrelevant in a failure-to-warn claim. However, defendant misstates the Washington Supreme Court's holding in that case. The Campbell court held that the admission of a design *origin* – meaning that the switchgear in question was manufactured by the defendant according to the Public Utility Department's specifications rather than to the defendant's own specifications – was irrelevant because it would not relieve the defendant of liability for failure to warn. Campbell v. ITE Imperial Corp., 107 Wn.2d 807, 818-19 (1987). The Campbell court's holding thus went to the identity of the designer, not the design itself.

[2] The Court notes that plaintiffs struck the deposition notices, Dkt. # 51, but did not withdraw the subpoenas, Dkt. # 53 at 2.

DISCOVERY ORDER - 3

(ii) Milbright, Blackford, and Dupont are defendant employees but are not officers, directors, or managing agents. Dkt. # 47 at ¶¶ 3-6. Plaintiffs do not dispute these characterizations, but rather emphasize that the proposed deponents were identified by defendant's Federal Rule of Civil Procedure 30(b)(6) deponent as individuals with knowledge regarding the Nano-Lok's design, and that defendant did not inform plaintiffs of their employment status until after plaintiffs attempted to secure the depositions. Dkt. # 52-1 at ¶¶ 3-4, 7.

Given that plaintiffs do not dispute defendant's characterizations of the proposed deponents, the Court finds that they are not officers, directors, or managing agents of defendant, and therefore must be served with subpoenas to secure their deposition testimony. The question becomes whether defendant may challenge these third-party subpoenas and, if so, whether the proposed deponents were properly subpoenaed.[3]

A party has standing to challenge a subpoena issued to third parties where its own interests may be implicated. Johnson v. U.S. Bancorp, No. C11-02010 RAJ, 2012 WL 6726523, at *2 (W.D. Wash. Dec. 27, 2012) (citations omitted). Here, plaintiffs seek defendant's product design information. This interest is sufficient to imbue defendant with standing to challenge the third-party subpoenas.

"Serving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Defendant asserts, and plaintiffs do not deny, that plaintiffs served all five subpoenas at issue only on defendant and not on the individual deponents themselves. Dkt. # 47 at ¶¶ 10-12. This is not service on the named individuals and is therefore insufficient. The

---

[3] Plaintiffs dispute defendant's certification that they met and conferred as required by Local Rules W.D. Wash. LCR 26(c). Such a certification is required when a party seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c). However, because the Court concludes that the issue is whether the subpoenas should be quashed under Federal Rule of Civil Procedure 45 and not whether defendant is entitled to a protective order, the Court need not determine whether the parties met and conferred. The Court, however, expresses concern that the conference was insufficient, thus leading to much of the confusion in the instant motions.

DISCOVERY ORDER - 4

subpoenas are therefore unenforceable.  Accord Kantor v. Big Tip, Inc., No. 2:15-CV-01871-RAJ, 2017 WL 2634207, at *2 (W.D. Wash. June 19, 2017).[4]

      Further, the Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv).  The Court may quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 45(d)(3)(B)(i).  Defendant argues that design of the Nano-Lok is irrelevant to plaintiffs' failure-to-warn claims and therefore the depositions are inherently unduly burdensome.  As discussed above, the Court disagrees with defendant that design information is irrelevant, and therefore rejects this argument.  However, the Court finds that the depositions are likely to delve into protected matters or otherwise require disclosure of defendant's trade secret or other confidential research or development information.  See Dkt. # 23 at 2 (protective order entered in this case, stating that "Protected Documents" include design drawings and manufacturing specifications); see also Universal Life Church Monastery Storehouse v. King, No. C19-0301RSL, 2020 WL 3962230, at *4 (W.D. Wash. July 13, 2020) (reasoning that third parties responding to subpoenas are ill-suited to produce confidential information because they lack motivation to protect the information).  The Court therefore quashes the subpoenas.  However, plaintiffs may note a Federal Rule of Civil Procedure 30(b)(6) deposition with a defense witness prepared to discuss design of the Nano-Lok.

## II.  Other Discovery

      Plaintiffs move the Court to compel defendant to produce discovery related to the design of the product.  In particular, plaintiffs move the Court to order defendant to produce all documents and materials requested in Plaintiffs' Requests for Production to Defendant Nos. 1, 2, 5, 6, 8, 11, 15, 16, and 17, and to make Blackford, Milbright, Kamosh, Ellingson, and Dupont available for deposition.  The Court considers the propriety of the Requests for Production

---

[4] With regards to Dupont, who resides in France, see Dkt. # 47 at ¶ 4, the Court notes that additional procedural requirements would apply.

DISCOVERY ORDER - 5

below.  However, to the extent that plaintiffs' motion relitigates the issue of whether plaintiffs are entitled to depose Blackford, Milbright, Kamosh, Ellingson, and Dupont, the Court considers the issue resolved in Part I of this Order.

The scope of discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  In assessing proportionality, the Court considers, among other factors, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.  A party may serve on any other party a request for production of evidence within the scope of discovery.  Fed. R. Civ. P. 34(a).  "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Opico v. Convergent Outsourcing, Inc., No. C18-1579-RSL, 2019 WL 3067202, at *1 (W.D. Wash. July 12, 2019) (citations omitted).  An objection to a request for production must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

Requests for Production Nos. 1, 2, 5, 11, and 16 are related to the design of the Nano-Lok.  Defendant objects to these Requests for Production generally on the grounds that they are neither relevant nor proportional to the needs of the case given that plaintiffs allege failure-to-warn claims rather than a design defect claim.  See Dkt. # 49 at 9-10, 12, 14.  Because the Court disagrees that design discovery is irrelevant to plaintiffs' failure-to-warn claims, defendant's objections fail.  The Court notes defendant's argument in its response brief that plaintiffs' requests are overbroad because they are not time limited and request "any and all" responsive material.  However, defendant again asks the Court to find that these requests are disproportional because the materials sought are irrelevant.  Because this argument is based on the flawed premise that the materials are irrelevant, defendant's argument fails.  Setting aside relevance, defendant's general contention that the requests are overbroad does not meet Federal Rule of Civil Procedure 34(b)(2)(B)'s specificity requirement, as defendant has not provided any detail regarding why the timeframe and scope render the requests unduly burdensome.  The Court therefore concludes that defendant must produce materials responsive to these requests.

DISCOVERY ORDER - 6

Requests for Production Nos. 6, 8, 15, and 17 do not clearly relate to the design of the Nano-Lok. However, defendant has the burden to show that discovery should not be allowed, and, except for Request for Production No. 8 and, in part, Request for Production No. 15, defendant has not met this burden. The Court considers each in turn:

> **Request for Production No. 6:** Please produce any and all correspondence, inter-office memoranda, reports, summaries, or other written or recorded items pertaining to the Nano-Lok product.

Defendant object to this request on the grounds that it is "overbroad and vague and ambiguous in the phrase 'items pertaining to the Nano-Lok product,' duplicative of other requests, not limited in scope to a particular subject matter, and seeks documents not relevant to the subject matter of the litigation nor proportional to the needs of the case." Dkt. # 49 at 11. Defendant further cross-references to other objections made on the grounds of relevance to a failure-to-warn claim and lack of specificity in describing the product at issue. Id. Defendant's objections do not meet Federal Rule of Civil Procedure 34(b)(2)(B)'s specificity requirement. To the extent that defendant does not understand the phrase "items pertaining to the Nano-Lok product," the Court expects defense counsel to meet and confer with plaintiffs' counsel.

> **Request for Production No. 8:** Please produce any video, pictures, memoranda or e-mails as it relates to these Requests for Production.

Defendant objects that it cannot respond to this request as phrased because it is "vague and overbroad as it does not request documents or information related to the specific topic or category or particular product, nor does it identify a particular Request for Production." Dkt. # 49 at 11. The Court agrees that this request is vague. It is unclear what plaintiffs seek, and the Court will therefore not compel defendant to respond. However, defendant may not withhold production in response to any other request on the basis that the responsive material is a video, picture, memorandum, or email.

> **Request for Production No. 15:** Please produce any and all sales writings for your product, i.e., the order, the invoices, the warranty, any returns warranty cards, and all service data.

DISCOVERY ORDER - 7

Defendant objects to this request on the grounds that the terms "sales writing" and "service data" are vague and not relevant or proportional to plaintiffs' failure-to-warn claims. Defendant, however, produced brochures and purchase orders in response to this request. Dkt. # 49 at 14-15. In addition to failure-to-warn claims, plaintiffs' amended complaint included claims for breach of express warranty and breach of implied warranty. Dkt. # 13 at ¶¶ 37-45. However, the Court granted defendant's motion for summary judgment as to these claims. Dkt. # 82 at 17-20. The Court therefore agrees that the requests relating to the warranty are irrelevant to plaintiffs' claims. However, plaintiffs' requests for sales writings and service data are relevant to their failure-to-warn claims, and defendant's objections lack the requisite specificity. To the extent that defendant does not understand the request, the Court expects defense counsel to meet and confer with plaintiffs' counsel.

> **Request for Production No. 17:** Please produce any and all prior similar problems, notice, and warnings.

Defendant objects to this request on the grounds that it seeks information that is neither relevant nor proportional to plaintiffs' failure-to-warn claims, and because it is vague in that it does not define "similar problems," "notice," or "warnings." Defendant nonetheless produced the Nano-Lok's instructions for use manual. Dkt. # 49 at 14. The Court disagrees that the materials plaintiffs seek lack relevance to plaintiffs' failure-to-warn claims, and defendant's other objections lack requisite specificity. To the extent that defendant does not understand the terms "similar problems," "notice," or "warnings," the Court expects defense counsel to meet and confer with plaintiffs' counsel.

### III. Attorney's Fees

Defendant and plaintiffs each move for attorney's fees in relation to their respective motions. If a motion to quash or compel discovery is granted, the Court "must . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); see also Ma v. Dep't of Educ., No. C19-0399-JCC, 2019 WL 1915663, at *5 (W.D. Wash. Apr. 30, 2019) (applying rule to motions to

DISCOVERY ORDER - 8

quash). An exception to this rule exists where the opposing party's conduct was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). Where "the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court," "the losing party is substantially justified in carrying the matter to court." Fed. R. Civ. P. 37, Advisory Committee Note to the 1970 Amendments. If the motion is granted in part and denied in part, the Court may apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C).

The Court concludes that neither party is entitled to attorney's fees. The heart of the issue in both motions was whether plaintiffs were entitled to design discovery in relation to their failure-to-warn claims. This was a genuine dispute, and the conduct of both parties was therefore substantially justified.

### IV.   Conclusion

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Quash or, in the Alternative, for Protective Order (Dkt. # 46) is GRANTED IN PART and DENIED IN PART.
   - Insofar as defendant's motion seeks to quash subpoenas directed to Matthew Blackford, Michael Milbright, David Kamosh, Tyler Ellingson, and Eric Dupont, it is GRANTED.
   - Insofar as defendant's motion seeks attorney's fees, it is DENIED.
   - Plaintiffs may note a Federal Rule of Civil Procedure 30(b)(6) deposition with a defense witness prepared to discuss design of the Nano-Lok.
2. Plaintiffs' Motion to Compel Discovery (Dkt. # 48) is GRANTED IN PART and DENIED IN PART.
   - Insofar as plaintiffs' motion seeks to compel defendant to produce all documents and materials requested in Plaintiffs' Requests for Production to Defendant Nos. 1, 2, 5, 11, and 16, it is GRANTED. Defendant shall produce all such documents and materials to plaintiffs within 14 days of the date of this Order.
   - Insofar as plaintiffs' motion seeks to compel defendant to produce all documents and materials requested in Plaintiffs' Requests for Production to Defendant No. 15, it is

GRANTED IN PART. Defendant need not produce documents or materials related to the Nano-Lok's warranty. Defendant shall produce all other documents and materials to plaintiffs within 14 days of the date of this Order.

- Insofar as plaintiffs' motion seeks to compel defendant to produce all documents and materials requested in Plaintiffs' Requests for Production to Defendant No. 8, it is DENIED.
- Insofar as plaintiffs' motion seeks to compel depositions of Matthew Blackford, Michael Milbright, David Kamosh, Tyler Ellingson, and Eric Dupont, it is DENIED.
- Insofar as plaintiffs' motion seeks attorney's fees, it is DENIED.

DATED this 12th day of August, 2022.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge