UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRACE BURROWS, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>3M COMPANY,<br><br>        Defendant. | Case No. C19-1649-RSL<br><br>ORDER REGARDING STIPULATED MOTION TO SEAL |

This matter comes before the Court on plaintiff's "Stipulated Motion to Seal" (Dkt. # 96). Plaintiff seeks the Court's permission to file her motion for sanctions, reply, and accompanying exhibits under seal, as they extensively reference and reproduce documents that defendant has designated as confidential. Dkt. # 96 at 1.

"There is a strong presumption of public access to the court's files," and, absent a showing that the public's right of access is outweighed by the interests of the public and/or the parties in shielding the material from public view, a seal is not appropriate. LCR 5(g). Accordingly, parties are expected to explore all alternatives to filing a document under seal. *Id.* 5(g)(1). If no alternative is possible, a "party may file a document under seal in only two circumstances." *Id.* 5(g)(2). The first circumstance is where "a statute, rule, or prior court order expressly authorizes" filing under seal. *Id.* 5(g)(2)(A). The second is where the party "files a motion or stipulated motion to seal the document before or at the same time the party files the sealed document." *Id.* 5(g)(2)(B). This second procedure "permits the party to file the document under seal without prior court approval pending the court's ruling on the motion to seal." *Id.*

ORDER DENYING STIPULATED MOTION TO
SEAL - 1

1  Here, plaintiff filed a stipulated motion to seal in tandem with her motion for sanctions. Thus,
2  plaintiff's motion for sanctions (Dkt. # 97), accompanying exhibits (Dkt. # 98), proposed order
3  (Dkt. # 99), and reply (Dkt. # 113) were filed under seal, pending the Court's ruling on the
4  motion to seal (Dkt. # 96).

5       Any motion to seal a document, even a stipulated motion, must include a certification that
6  the parties have attempted to reach "agreement on the need to file the document under seal, to
7  minimize the amount of material filed under seal, and to explore redaction and other alternatives
8  to filing under seal." *Id.* 5(g)(3)(A). Here, the parties met and conferred. Dkt. # 96 at 1.
9  However, it appears that defendant was only willing to de-designate a portion of the confidential
10 documents plaintiff sought to include in her motion. Dkt. # 96 at 2. The parties offer no
11 information as to whether redaction or other alternatives were considered. *Id.*

12      In addition to a meet and confer certification, the moving party must also include a
13 "specific statement of the applicable legal standard and the reasons for keeping a document
14 under seal." *Id.* 5(g)(3)(B). However, where, as here, the parties have entered a stipulated
15 protective order, *see* Dkt. # 23, the "party who designated the document confidential" must
16 present the legal standard and argument for keeping the document under seal. LCR 5(g)(3)(B).
17 This must include an explanation of: "(i) the legitimate private or public interests that warrant
18 the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a
19 less restrictive alternative to the relief sought is not sufficient." *Id.* Here, defendant marked the
20 documents as confidential, thus defendant bears the burden of convincing the Court that the seal
21 is necessary. However, defendant did not file a response to the stipulated motion as required by
22 LCR 5(g)(3) or otherwise show the legitimate private or public interests that warrant a seal, the
23 injury that would result from public disclosure, or that the public's right of access should give
24 way.

25      The Court orders defendant to provide such a response within seven days of this Order. If
26 defendant fails to do so, the request for a seal will be denied. The Clerk of Court is directed to
27 keep Dkts. # 97, 98, 99 and 113 sealed pending the Court's ruling on defendant's response. LCR
28 5(g)(6).

ORDER DENYING STIPULATED MOTION TO
SEAL - 2

1
2  IT IS SO ORDERED.
3
4  DATED this 17th day of January, 2023.
5
6
7                                    *signature*
                                    Robert S. Lasnik
8                                    United States District Judge
9
...
28

ORDER DENYING STIPULATED MOTION TO SEAL - 3