UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRACE BURROWS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> 3M COMPANY, <br><br> Defendant. | Case No. C19-1649-RSL <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on defendant's "Motion for Protective Order" (Dkt. # 100). The Court, having reviewed the submissions of the parties and the remainder of the record, finds as follows:

**I.      Background**

This matter arises from a fatal construction accident. Walter Burrows was employed by Kiewit-Hoffman East Link Constructors as a foreman on the E360 project in King County, Washington. While working atop a "pier cap" column approximately 35 feet off the ground, Mr. Burrows lost his balance and fell over the edge. Mr. Burrows was wearing a 3M Nano-Lok Self-Retracting Lifeline ("Nano-Lok"), but the Nano-Lok severed after coming into contact with the pier cap's concrete edge, causing Mr. Burrows to fall to the ground. Mr. Burrows died due to his injuries from the fall.

Plaintiff Grace Burrows, the widow of Mr. Burrows and the Personal Representative of the Burrows Estate, filed suit against Nano-Lok manufacturer 3M. Dkt. # 13. Following the

1  Court's ruling on the parties' summary judgment motions, only plaintiff's failure-to-warn claim
2  remains. Dkt. # 82.
3        On August 12, 2022, the Court ruled on discovery disputes between the parties. Dkt.
4  # 91. Central to these disputes was whether plaintiff was entitled to discovery related to the
5  Nano-Lok's design. *Id.* Defendant contended that design discovery was irrelevant to failure-to-
6  warn claims. *Id.* However, the Court explained that "[i]n a failure-to-warn claim, 'the trier of
7  fact must balance the likelihood that the product would cause the harm complained of, and the
8  seriousness of that harm, against the burden on the manufacturer of providing an adequate
9  warning." *Id.* at 2 (quoting *Ayers v. Johnson & Johnson Baby Prod. Co.*, 117 Wn. 2d 747, 765
10 (1991)). The Court reasoned that because this "balancing cannot be achieved without
11 considering the nature of the product," plaintiff was "entitled to design discovery in pursuit of
12 their failure-to-warn claims." *Id.* Accordingly, the Court ordered defendant to respond to
13 plaintiff's requests for production of design-related materials.
14       The Court also addressed defendant's request to quash subpoenas issued by plaintiff to
15 five current or former 3M employees who plaintiff sought to depose in her effort to learn more
16 about the Nano-Lok design. *See* Dkt. # 46. The Court granted defendant's request, quashing the
17 subpoenas after concluding that the subpoenaed individuals were ill-suited to produce (or
18 protect) the confidential matters that would likely arise in these depositions (including
19 defendant's trade secrets, confidential research or development information). Dkt. # 91 at 5.
20 However, the Court permitted plaintiff to "note a Federal Rule of Civil Procedure 30(b)(6)
21 deposition with a defense witness prepared to discuss design of the Nano-Lok." *Id.*
22       On October 28, 2022, plaintiff noticed this second Rule 30(b)(6) deposition. Dkt. # 95.
23 The Notice of Deposition identifies 29 topics for discussion. *Id.* In response, defendant moves
24 for an order to bar all deposition topics in plaintiff's 30(b)(6) notice "except Topic Nos. 9 and
25 19, as the other 27 topics do not relate to product design, and most could have been explored
26 before the discovery deadline." Dkt. # 100 at 2. Defendant also moves for an award of attorney's
27 fees. *Id.* Plaintiff opposes the motion and asserts her own request for attorney's fees in relation
28

ORDER GRANTING DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 2

to the instant motion. Dkt. # 107. Defendant's counsel certifies that the parties met and conferred but were unable to resolve this discovery dispute. Dkt. # 100.

## II. Discussion

### A. Discovery Standard

Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of discovery in federal civil litigation. Rule 26(b) sets forth the threshold requirement that information sought to be discovered must appear "relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b). In determining proportionality, courts consider factors such as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* 26(b)(1). However, the Court "must" limit the scope of discovery where the discovery sought is "unreasonably cumulative or duplicative," where "the party seeking discovery has had ample opportunity to obtain the information," or where "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Id.* 26 (b)(2)(C)(i)-(iii).

The Court also has the authority to limit discovery "for good cause," upon a showing of "annoyance, embarrassment, oppression, or undue burden or expense" in connection with a particular request by issuing protective order, "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . ." *Id.* 26(c)(1), (1)(D). To establish good cause for a protective order under Rule 26(c), the movant must show "'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). However, "the court has an obligation to prevent a party from using a Rule 30(b)(6) deposition to harass the opposing party or to subject the opposing party to unreasonably burdensome or cumulative

discovery." *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012).

Defendant argues that a protective order is necessary here because plaintiff's deposition notice (1) seeks to impermissibly expand the scope of the 30(b)(6) deposition permitted by the Court's discovery order; (2) seeks to discuss questions plaintiff either could have, or did, ask during the parties' initial discovery; and (3) seeks to discuss topics that have no relevance to plaintiff's failure-to-warn claim. Dkt. # 100.

### B. The Court's Previous Discovery Order

In the August 12 Order, the Court ruled that plaintiff "may note a Federal Rule of Civil Procedure 30(b)(6) deposition with a defense witness prepared to discuss design of the Nano-Lok." Dkt. # 91 at 9. Defendant argues that the topics noticed by plaintiff "far exceed the boundaries specified in the Court's Discovery Order and have little to nothing to do with design." Dkt. # 100 at 6. Accordingly, defendant requests that the Court "strike every deposition topic that relates to general failure-to-warn issues but that are not related to the Nano-Lok's design and capabilities." *Id.* at 8. Defendant contends that the only arguably acceptable topics noticed by plaintiff are Topic 9, which asks: "How promotional materials, including end user art and copy and promotional videos, were developed for the Nano-Lok, and the extent to which the design capacity and the Nano-Lok instructions were considered during the creation of such promotional material" and Topic 19, which asks: "How the Nano-Lok design team members interacted with individuals who formulated and finalized the instructions." *Id.*; *see also* Dkt. # 95 at 3, 4.

Plaintiff argues that defendant's response "ignores why the court ordered another 30(b)(6) deposition in the first place," contending that the "deposition was ordered because 3M wrongfully objected to the Requests for Production." Dkt. # 107 at 1-2. Plaintiff argues that the "Court has ruled that the design specifications are relevant to the warnings for the Nano-Lok product," and thus, "Plaintiff is clearly allowed to address how and why the warnings and instructions were not changed, given 3M's knowledge of the limitations of the design of the Nano-Lok." *Id.* at 2-3.

ORDER GRANTING DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 4

1    Plaintiff misconstrues the Court's previous Order. "The heart of the issue in both motions
2 [addressed in the August 12 Order] was whether plaintiffs were entitled to design discovery in
3 relation to their failure-to-warn claims." Dkt. # 91 at 9. The Court concluded that because a
4 failure-to-warn claim requires the trier of fact to consider the "likelihood that the product would
5 cause the harm complained of," discovery that goes to the "nature of the product" is relevant to
6 plaintiff's claim. *Id.* at 2. However, in reaching this conclusion the Court did not find that
7 defendant had "wrongfully" objected to providing design discovery. Instead, the Court
8 concluded that the dispute over design discovery was "genuine, though ultimately resolved one
9 way or the other by the court," and that "the losing party [wa]s substantially justified in carrying
10 the matter to court." *Id.* at 9 (quoting Fed. R. Civ. P. 37, Advisory Committee Note to the 1970
11 Amendments).
12    Furthermore, the Court specifically ordered the instant 30(b)(6) deposition not because
13 "defendant wrongfully objected to Requests for Production," but because the Court quashed the
14 subpoenas plaintiff issued to the five individuals she sought to depose regarding the Nano-Lok
15 design. *Id.* at 3-5. The Court concluded that plaintiff was entitled to a deposition regarding the
16 Nano-Lok design but found that the depositions sought by plaintiff were "likely to delve into
17 protected matters or otherwise require disclosure of defendant's trade secret or other confidential
18 research or development information," and that the five subpoenaed deponents were not well-
19 suited to protect this information. *Id.* at 5. Thus, to resolve concerns around the potential
20 disclosure of trade secrets, the Court permitted plaintiff to "note a Federal Rule of Civil
21 Procedure 30(b)(6) deposition with a defense witness prepared to discuss design of the Nano-
22 Lok." *Id.*
23    Plaintiff further argues that "[t]he Court has previously ruled that the issues relating to the
24 design of the product cannot be segregated from the warnings for the product." Dkt. # 107 at 6.
25 This is a misstatement. The Court ruled that issues relating to the design of the product were
26 *relevant* to plaintiff's failure to warn claim, insofar as information about the product design goes
27 to the nature of the product, which in turn helps the trier of fact understand the likelihood that
28 the product would cause the harm complained of. Dkt. # 91 at 2. This ruling does not compel

ORDER GRANTING DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 5

plaintiff's conclusion that design discovery and product warning discovery are inextricably intertwined.

Accordingly, when viewed in context of the Court's August 12 Order, which specifically permitted a 30(b)(6) deposition of a "defense witness prepared to discuss design of the Nano-Lok," plaintiff's instant 30(b)(6) notice is overbroad. The noticed topics include free-ranging inquiries into the history of Nano-Lok's instructions,[1] specific questions about Nano-Lok promotional materials,[2] and inquiries into discovery procedure.[3] As one magistrate judge explained:

> [T]he purpose served by Fed. R. Civ. P. 30(b)(6)—to require an organization to identify and designate a witness who is knowledgeable on the noticed topic, particularly where the noticing party is unable to itself identify an appropriate witness because that knowledge lies within the organization—does not extend to burdening the responding party with production and preparation of a witness on every facet of the litigation. This would render unworkable the obligation of the responding party to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter, as that task becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand.

*Apple, Inc. v. Samsung Elec. Co., Ltd.*, No. C11-1846-LHK-PSG, 2012 WL 1511901, at *2-*3 (N.D. Cal. Jan. 27, 2012) (internal citations and quotation marks omitted). Given these reciprocal burdens, courts "have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices." *Shuthima Pongsai v. Am. Express Co.*, No. C19-1628-DOC, 2020 WL 5356711, at *5 (C.D. Cal. June 29,

---

[1] *See, e.g.*, Dkt. # 95 at 2 (Topic 1 asks, "How the instructions for the Nano-Lok were formulated from the beginning stages of the instructions to the initial release of the Nano-Lok.").

[2] *See, e.g.*, Dkt. # 95 at 3 (Topic 16 asks "Why the Nano-Lok is described as 'versatile' and 'The Ultimate in Fall Protection' in promotional materials.").

[3] *See, e.g.*, Dkt. # 95 at 4 (Topic 27 asks "How and where the documents produced by 3M pursuant to the Discovery Order were stored, including but not limited to whether they were all under the same SKU number.").

ORDER GRANTING DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 6

2020) (quoting *Lipari v. U.S. Bancorp, N.A.*, No. C07-2146-CM-DJW, 2008 WL 4642618, at *6 (D. Kan. Oct. 16, 2008)).

"In analyzing the excessiveness of Rule 30(b)(6) topics, courts do not generally engage in an item-by-item analysis to allow particular topics and rule out others." *Johnson v. Dal Global Servs., LLC*, No. C21-441-LRH-CLB, 2022 WL 2047317, at *3 (D. Nev. June 7, 2022) (internal citations omitted). "Instead, courts generally issue a protective order precluding enforcement of the notice as currently drafted without prejudice to the issuance of a new notice with appropriately narrowed topics." *Id.*

Here, the Court finds that the 30(b)(6) deposition notice as currently drafted is excessive, as it notes topics far beyond the scope of the Nano-Lok design (the only topic authorized by the Court's previous discovery Order). Accordingly, the Court grants defendant's motion for protective order as to this 30(b)(6) notice. Plaintiff is ordered to redraft the current notice to comply with this Order and serve the amended notice on defendant. If defendant still objects to certain topics, the parties are required to meet and confer in good faith to resolve any outstanding objections and issues with the amended notice – without this Court's intervention – prior to filing any additional motions.

The Court notes that much of plaintiff's brief is dedicated to re-arguing the points made in her motion for sanctions rather than engaging with the substantive limitations imposed on the instant 30(b)(6) deposition by the Court's August 12 Order. *See generally* Dkt. # 107. As noted in the Court's separate Order addressing plaintiff's motion for sanctions, the Court understands that plaintiff's counsel is in the challenging position of reviewing new discovery with a trial date quickly approaching. As noted in that Order, plaintiff is free to seek accommodations to help her navigate this situation, including additional time to review discovery, or even the opportunity to seek additional discovery regarding the newly disclosed documents. However, plaintiff's frustration does not entitle her to unilaterally expand the scope of a court-ordered 30(b)(6) deposition with a clearly articulated focus.

### C. Attorney's Fees

Rule 37(a)(5) governs the "award of expenses" in the context of a protective order. Fed. R. Civ. P. 26(c)(3). This rule dictates the course the Court must follow depending on whether the motion is granted or denied. *Id.* 35(a)(5). Where, as here, the motion is granted, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* 35(a)(5)(A). However, the Court "must not order this payment if," "the opposing party's nondisclosure, response, or objection was substantially justified, or "other circumstances make an award of expenses unjust." *Id.* 35(a)(5)(ii)-(iii).

As discussed above, plaintiff dedicates much of her response to defendant's alleged misdeeds during discovery. However, plaintiff's frustration with the course of discovery does not permit her to broadly expand the scope of the court-ordered 30(b)(6) deposition. Plaintiff does not meaningfully engage with defendant's arguments, instead contending that defendant's "egregious and repeated display of disregard for the court rules and other obligations should make this motion moot." Dkt. # 107 at 5. However, plaintiff's perception that defendant has failed to abide by the rules of discovery does not somehow validate plaintiff's own failure to abide by the Court's discovery Order. Accordingly, the Court grants defendant's request for reasonable attorney's fees in connection with this motion.

### III. Conclusion

For all the foregoing reasons, defendant's motion for a protective order (Dkt. # 100) is GRANTED. Plaintiff is ordered to redraft the current 30(b)(6) notice to comply with this Order and serve the amended notice on defendant.

Defendant's request for attorney's fees in connection with this motion is also granted. Within fourteen days of this Order, defendant must file a motion for attorney's fees specifying the amount requested and providing the Court with the relevant calculations. Plaintiff will be given seven days to file a response with any objections to the calculated amount.

IT IS SO ORDERED.

DATED this 17th day of January, 2023.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 9