UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRACE BURROWS, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>3M COMPANY,<br><br>    Defendant. | Case No. C19-1649-RSL<br><br>ORDER GRANTING IN PART STIPULATED MOTION TO SEAL |

This matter comes before the Court on plaintiff's "Stipulated Motion to Seal" (Dkt. # 96) and defendant's "Response to Plaintiff's Stipulated Motion to Seal" (Dkt. # 117). The Court, having reviewed the submissions of the parties and the remainder of the record, finds as follows:

**I.      Background**

On November 17, 2022, plaintiff filed a "Stipulated Motion to Seal" (Dkt. # 96) in tandem with her motion for sanctions (Dkt. # 97), supporting declarations (Dkts. # 98 & # 98-1), and proposed order (Dkt. # 99). Under Local Rule 5(g)(2)(B), a party may file a document under seal where they "file[] a motion or stipulated motion to seal the document before or at the same time the party files the sealed document." LCR 5(g)(2)(B). Relying on this stipulated motion, plaintiff later filed her reply to the motion for sanctions under seal as well (Dkt. # 113).

After reviewing plaintiff's stipulated motion to seal, the Court noted the absence of the required "specific statement of the applicable legal standard and the reasons for keeping a document under seal" in the motion. LCR 5(g)(3)(B). Because the parties have entered a stipulated protective order, *see* Dkt. # 23, the burden of presenting the legal standard and

ORDER GRANTING IN PART STIPULATED
MOTION TO SEAL - 1

argument for keeping the document under seal falls to the "party who designated the document confidential" – in this case, defendant 3M. *Id.* Accordingly, the Court ordered 3M to file a response to the stipulated motion to seal, including an explanation of: "(i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." *Id.* 3M's response is now before the Court.

## II. Legal Standard

When deciding a motion to seal, courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). Requests to seal judicial records attached to a dispositive motion are held to a "compelling reasons" standard, meaning the party moving to seal "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citations omitted). In contrast, where the materials at issue are attached to a motion that is "non-dispositive," *id.* at 1179, or "is tangentially related to the underlying cause of action, the party seeking to seal information need only show there is 'good cause' to seal the information 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Moussouris v. Microsoft Corp.*, No. C16-80170-MEJ, 2016 WL 5870010, at *1 (N.D. Cal. Oct. 7, 2016) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-1101 (9th Cir. 2016); Fed. R. Civ. P. 26(c)).

In the Ninth Circuit, courts have been instructed to look "past the literal dispositive/nondispositive label." *Ctr. for Auto Safety*, 809 F.3d at 1100. Instead, "public access will turn on whether the motion is more than tangentially related to the merits of a case." *Id.* at 1101. Here, defendant argues that even though plaintiff's motion was technically dispositive (as

1  it requested the sanction of dismissal), "much of the information put at issue by Plaintiff is, at
2  best, tangentially related to the merits of Plaintiff's own motion for sanctions, let alone to the
3  merits of this case." Dkt. # 117 at 3. The Court, in its Order denying plaintiff's motion for
4  sanctions, agreed that much of the information identified in plaintiff's motion was not critical to
5  the merits of the case. *See* Dkt. # 116. However, the Court cannot conclude that that the motion
6  itself was not "more than tangentially related to the merits of [the] case," and accordingly
7  applies the "compelling reasons" standard here.[1]

8        "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure
9  and justify sealing court records exist when such 'court files might have become a vehicle for
10 improper purposes,' such as the use of records to gratify private spite, promote public scandal,
11 circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting
12 *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Furthermore, courts have
13 consistently acknowledged that the risk of competitive harm through disclosure of confidential
14 and proprietary information warrants maintaining documents under seal, even in light of the
15 general presumption of public access to judicial documents. *See Nixon*, 435 U.S. at 598 (the
16 court may ensure its records are not used "as sources of business information that might harm a
17 litigant's competitive standing"); *Valley Broadcasting Co. v. U.S. District Court*, 798 F.2d 1289,
18 1294 (9th Cir. 1996) (noting considerations that weigh against disclosure include "the likelihood
19 of an improper use, including . . . trade secret materials") (internal quotation marks and citation
20 omitted); *Sullivan v. Deutsche Bank Americas Holding Corp.*, No. C08-2370-MJL, 2010 WL
21 3448608, at *2 (S.D. Cal. Aug. 31, 2010) (finding the "likelihood of improper use by
22 competitors and the proprietary nature of the confidential information" was a compelling reason

---

[1] While the motion itself was more than "tangentially related" to the merits of the case, the Court notes that many of the documents filed under seal do not appear to meet that standard (and indeed, were not even cited to in plaintiff's brief). *See* Dkt. # 97. Because the standard set forth by the Ninth Circuit instructs us to consider the "dispositive" nature (and relationship to the merits) of the *motion*, rather than the documents filed under seal, the Court applies the "compelling interest" standard. However, the Court notes that the irrelevance of many of the documents filed under seal to the instant litigation militates in favor of granting defendant's request for a seal.

ORDER GRANTING IN PART STIPULATED
MOTION TO SEAL - 3

to seal documents); *Cent. Freight Lines, Inc. v. Amazon Fulfillment Servs.*, No. C17-0814-JLR, 2019 WL 5103311, at *2 (W.D. Wash. Oct. 11, 2019) (finding where information filed under seal "relates to confidential business details relating to [a business's] internal processes and procedures, and disclosure of that material could result in improper use by business competitors," compelling reasons to maintain the seal existed).

### III.  Defendant's Requests

#### A.  Requests to Seal Exhibits

Defendant first requests that a number of the exhibits filed with Joseph R. Kopta's declaration in support of plaintiff's motion for sanctions (Dkt. # 98) remain under seal. Dkt. # 117 at 4-7. Defendant asserts that these documents should remain under seal because they are (1) internal documents discussing 3M's substantive strategies for the Nano-Lok product line (as well as other product lines not at issue in this litigation), and this information could be used by a competitor to "dissect 3M's approach to developing and selling" its products; and (2) many documents reveal key details about 3M's product-development processes. *Id.* at 3. Defendant further asserts that a seal is necessary because "[a]lmost all of the documents at issue are entirely internal communications or work product," making redactions "difficult to parse and implement." *Id.*

Having reviewed the documents and 3M's explanations as to the confidential business material contained in each, *id.* at 4-7, the Court agrees that they contain confidential and proprietary information and that there are compelling reasons justifying keeping the documents under seal. The Court thereby GRANTS defendant's request to keep these documents under seal.

#### B.  Requests for Redaction

This Court's Local Rules explain that "[o]nly in rare circumstances should a party file a motion, opposition, or reply under seal. A party who cannot avoid including confidential information in a motion, opposition, or reply . . . shall redact the confidential information from the motion, opposition, or reply and publicly file the redacted motion, opposition, or reply." LCR 5(g)(5)(A). Here, defendant does not request that plaintiff's motions filed under seal

ORDER GRANTING IN PART STIPULATED
MOTION TO SEAL - 4

remain under seal, but instead asks that the motions be redacted to remove any language that "quote[s] or specifically summarize[s] 3M's internal information." *Id.* at 7. The Court grants defendant's request to file redacted versions of plaintiff's filings in Dkts. # 97 and # 98, removing direct quotes and summaries of confidential material.

As to plaintiff's reply brief at Dkt. # 113, defendant seeks to redact plaintiff's "lengthy purported summary of 3M documents" on the basis that plaintiff "failed to accurately summarize them." Dkt. # 117 at 7. While the Court is sympathetic to defendant's concerns regarding "public disclosure of this incorrect, disparaging summary of internal documents," *id.*, we note that the Court referred to this summary in the Order denying plaintiff's motion for sanctions. Dkt. # 116 at 11. Thus, for four reasons, the Court declines defendant's request to file a redacted version of plaintiff's reply. First, even if plaintiff's reply was redacted, the assertions it made in its reply would still be publicly disclosed in the Court's Order. *Id.* Second, understanding the claims plaintiff made in her reply is critical to the public's understanding of the Court's ruling on the motion for sanctions. Third, the Court explains in its Order that plaintiff's summary mischaracterizes defendant's internal documents. *See* Dkt. # 116 at 11-13. And fourth, the summary does not disclose confidential business information.

Accordingly, defendant's request to publicly file redacted versions of Dkts. # 97 and 98 is GRANTED. Defendant's request to publicly file a redacted version of Dkt. # 113 is DENIED.

Additionally, as defendant has not requested that plaintiff's proposed order (Dkt. # 99) be redacted or kept under seal, nor is there reference to or summary of the confidential materials contained in the proposed order, the Court concludes that no compelling reason exists for keeping the document sealed.

### IV. Conclusion

For the foregoing reasons, the parties' stipulated motion to seal (Dkt. # 96) is GRANTED IN PART. The clerk of court is instructed to keep Dkts. # 97 and # 98 filed under seal. The clerk of court is further instructed to unseal Dkts. # 99 and # 113.

Defendant is instructed to publicly file redacted versions of (1) plaintiff's motion for sanctions (docketed under seal at Dkt. # 97); (2) the Declaration of Joseph R. Kopta and exhibits

ORDER GRANTING IN PART STIPULATED
MOTION TO SEAL - 5

7, 10, 11, 15, 16, 26-29, and 32 (Dkt. # 98); and (3) the Declaration of Timothy Acker (Dkt. # 98-1). Defendant must file these documents within fourteen days of this Order.

IT IS SO ORDERED.

DATED this 31st day of January, 2023.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART STIPULATED
MOTION TO SEAL - 6