1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  GRACE BURROWS, *et al.*,                    Case No. C19-1649RSL

10              Plaintiffs,                    ORDER EXTENDING TRIAL
                                               DATE
11         v.

12  3M COMPANY,

13              Defendant.

14

15       This matter comes before the Court on defendant's "Motion to Extend Trial Date and

16  Related Dates" (Dkt. # 131) and "Motion to Expedite" (Dkt. # 132). The Court, having reviewed

17  the submissions of the parties and the remainder of the record, denies defendant's motion to

18  expedite and grants defendant's motion to continue the trial date for the reasons stated herein.

19       **I.    Motion to Expedite**

20       As the Court previously noted in a recent minute order (Dkt. # 135), the Court considers

21  defendant's motion to extend the trial date pursuant to the schedule set forth in LCR 7(d)(2).

22  Defendant relies on LCR 7(j) to support its contention that the Court should hear its motion on

23  an expedited basis. Dkt. # 132 at 2. However, LCR 7(j) states

24       A motion for relief from a deadline should, whenever possible, be filed
         sufficiently in advance of the deadline to allow the court to rule on the
25       motion prior to the deadline. Parties should not assume that the motion will
         be granted and must comply with the existing deadline unless the court
26       orders otherwise.
27       If a true, unforeseen emergency exists that prevents a party from meeting a
         deadline, and the emergency arose too late to file a motion for relief from
28       the deadline, the party should contact the adverse party, meet and confer

ORDER EXTENDING TRIAL DATE - 1

1
2
3

regarding an extension, and file a stipulation and proposed order with the court. Alternatively, the parties may use the procedure for telephonic motions in LCR 7(i). It is expected that if a true emergency exists, the parties will stipulate to an extension.

4   The Rule does not, as defendant claims, provide an avenue for the Court to "hear motions on an

5   emergency basis." Dkt. # 132 at 2. It only provides that the parties may – after meeting and

6   conferring – file a stipulation and a proposed order granting relief from a deadline, or that the

7   parties may request that the motion be heard by telephone without the filing of motion papers.

8   Indeed, the Local Rules specifically state that "[m]otions to shorten time have been abolished."

9   LCR 6(b). Accordingly, defendant's motion to expedite (Dkt. # 132) is DENIED.

10   **II.   Motion to Continue Trial**

11   Defendant asks the Court to set over the trial date and related deadlines for a period of at

12   least sixty (60) days. Dkt. # 131 at 1. Trial is currently set for April 3, 2023. Dkt. # 94. The

13   Court recently granted the parties' stipulated motion to set over pretrial deadlines, and the

14   parties' Motions in Limine are now due by March 6, 2023 and the Pretrial Order deadline is now

15   March 22, 2023. Dkt. # 134. The parties are also facing deadlines related to their impending

16   settlement conference, set for March 13, 2023. Dkt. # 131 at 2. The parties must exchange

17   settlement briefs on March 8, 2023, and the parties' confidential settlement memoranda is due

18   on March 10, 2023. *Id.* Finally, plaintiffs scheduled their second 30(b)(6) deposition for

19   February 27, 2023. *Id.*

20   In determining whether to grant the requested continuance, the Court looks to Federal

21   Rule of Civil Procedure 16. Under Rule 16, district courts must enter scheduling orders in

22   actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file

23   motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "set dates for pretrial

24   conferences and for trial." *Id.* 16(b)(3)(B)(vi). A scheduling order "controls the course of the

25   action unless the court modifies it." *Id.* 16(d). Once a scheduling order has been filed, the

26   "schedule may be modified only for good cause and with the judge's consent." *Id.* 16(b)(4).

27   "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the

28   amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the

ORDER EXTENDING TRIAL DATE - 2

1   moving party fails to demonstrate diligence, "the inquiry should end." *Id.* "Although the

2   existence or degree of prejudice to the party opposing the modification might supply additional

3   reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for

4   seeking modification." *Id.* Good cause may be found where the moving party shows (1) it

5   assisted the Court with creating a workable scheduling order; (2) that it is unable to comply with

6   the scheduling order's deadlines due to matters not reasonably foreseeable at the time the

7   scheduling order issued; and (3) that it was diligent in seeking a modification once it became

8   apparent it could not comply with the scheduling order. *Jackson v. Laureate, Inc.*, 186 F.R.D.

9   605, 608 (E.D. Cal. 1999) (citations omitted). The district court, in supervising the pretrial phase

10  of litigation and deciding the preclusive effect of a pretrial order, has "broad discretion." *C.F. ex*

11  *rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

12       The Court finds that defendant has been diligent in seeking this extension, and that it is

13  unable to comply with the scheduling order's deadlines due to matters not reasonably

14  foreseeable at the time the scheduling order issued. Specifically, plaintiff's second Rule 30(b)(6)

15  deposition and the upcoming settlement conference. The Court also finds that defendant was

16  diligent in seeking a modification once it became apparent it could not comply with the

17  scheduling order. *See* Dkt. # 131 at 3.

18       The Court acknowledges plaintiffs' argument that the trial date in this case has already

19  been delayed due to COVID-19 pandemic-related scheduling challenges, Dkt. # 138 at 1-2, and

20  is sympathetic to plaintiffs' desire to move forward with the scheduled trial date. However, the

21  Court concludes that there is good cause for setting over the trial date, as doing so will permit

22  both parties to fully prepare for both the upcoming settlement conference and trial.[1]

23

24

25

---

26      [1] While plaintiffs argue that a continuance will prejudice their ability to schedule testimony (specifically, that of Carol Dobbins, whose "work in the hospitality industry would make it difficult if

27  not impossible to attend during the summer months"), Dkt. # 138 at 2, the Ninth Circuit has made it clear that the inquiry here centers on the moving party's reasons for seeking the modification rather than

28  prejudice to the opposing party. *Johnson*, 975 F.2d at 609.

ORDER EXTENDING TRIAL DATE - 3

**III.    Conclusion**

For all the foregoing reasons, the Court GRANTS defendant's motion to extend the trial date (Dkt. # 131) and DENIES defendant's "Motion to Expedite" (Dkt. # 132). The new trial date will be set for August 7, 2023. The Court will issue a new case management order reflecting the new trial date and pretrial deadlines following this Order.

IT IS SO ORDERED.


DATED this 2nd day of March, 2023.



Robert S. Lasnik
United States District Judge

ORDER EXTENDING TRIAL DATE - 4